ANNA McFARLANE, Respondent, v. H. W. BORLAND, as Sheriff of Rolette County, North Dakota, Mathias Gergen, and A. N. Gergen, Appellants.

(228 N. W. 231.)

Opinion filed December 6, 1929. Rehearing denied January 6, 1930.

*Combs, Ritchie & Hanchett,* for appellants.
*Sinness & Duffy,* for respondent.

BURKE, Ch. J. This is an action to enjoin the issuing of a sheriff's deed in a foreclosure proceeding.

On a hearing on an order to show cause why a temporary injunction should not be issued pending the action, the temporary writ was granted, and from the order granting the writ the defendant appeals.

On the 24th day of February, 1928, Mathias Gergen, as mortgagee, brought an action to foreclose a mortgage against the S. W. ¼ of sec. 22, twp. 160, r. 69, there being due on said mortgage, with interest, and taxes paid, the sum of $2,997.09. The defendants in the foreclosure action answered, admitting the mortgage, but claiming, that there were certain payments made without specifying the amounts, and that the plaintiff had failed to give defendants credit therefor. Thereafter on the 29th day of May 1928, the parties to said foreclosure action stipulated that the said answer in the said foreclosure case be withdrawn to take effect on June 18, 1928, and that in case the plaintiff's claim had not been paid in full by payment to Combs, Ritchie and Hanchett, plaintiff's attorneys, at Valley City, N. D. in full amount due on the note and mortgage as set forth in the complaint and the taxable costs of the action on or before June 18, 1928, that the plaintiff might enter judgment by default on or after that date as demanded in the complaint. Thereafter, and on the 19th day of June 1928, the defendants, not having paid the amount due on said mortgage as alleged in the complaint, the plaintiff in said foreclosure action applied to the judge of the district court and obtained an order for judgment for the sum of $2,997.09 with interest thereon at the rate of 6½ per cent from and after January 1928, amounting in all to $3,074.99 and for costs, and for the sale of the said land, as provided by law for the payment of the judgment with interest. Judgment was duly entered on this order, on the 2d day of July 1928, and on the 23d day of August 1928,

the sale was duly confirmed. The record shows that the foreclosure and sale are regular in all things.

The mortgage was given by E. A. McFarlane and Anna McFarlane to the Citizens State Bank of Bisbee, and assigned to the Northwestern Life Insurance Company, and in December 1927, the note and mortgage were sold and assigned to the defendant, Mathias Gergen. The Northwestern National Life Insurance Company paid the 1924, 1925 and 1926 taxes amounting to $276.61. The 1924 and 1926 taxes were paid on the day of the delinquent tax sale, and certificate of sale issued for each payment. The notice of intention to foreclose and the complaint in the foreclosure action set forth that the holder of the mortgage had paid the 1924, 1925 and 1926 taxes and the amount thereof was included in the amount claimed to be due upon the mortgage on foreclosure, and the certificates of tax sale were introduced in evidence as exhibits in the foreclosure action and remained in the files of said action in the office of the clerk of the district court of Rolette county.

The only contention of the plaintiff in the action for an injunction is that the mortgagee on paying the taxes did not have them released upon the records; that they appeared as liens against the land when the mortgagor sought to procure a loan for the redemption of said land under the foreclosure, making it necessary to pay the full amount of the judgment to the sheriff, and also pay the amount of the taxes to the county treasurer. The record, however, shows very clearly, that the amount of the taxes paid is stated in the complaint, stated in the notice of foreclosure, and the tax sale certificates are introduced in evidence, and a part of the record which the trial judge had before him when he issued the temporary injunction.

There is no claim that the judgment is for an excessive amount, or that the amount necessary to redeem is more than the actual amount due on the judgment.

The tax sale certificates were introduced in evidence, simply as evidence of taxes paid. No effort was made by plaintiff in this action to have the certificates of sale withdrawn from the office of the clerk of the district court by the substitution of copies so that the originals might be canceled in the office of the county treasurer.

No tender of the amount due on the judgment was made. The plain-

tiff simply alleges that in order to complete a loan on the land he must have a clear title to it, but shows no diligence in any effort to clear the title.

The defendants in the foreclosure action knew that the amount of taxes paid by the mortgagee was included in the amount as alleged in the complaint and they stipulated that judgment might be entered for such amount as stated in the complaint if it was not paid by the 18th of June 1928. It was not paid, and judgment was duly entered thereon, and the sale confirmed. The defendants in the foreclosure action, who are the plaintiffs in this action, are bound by that judgment. No effort has been made at any time to set aside, vacate or modify the judgment. It is in full force and effect and under it the mortgagee was entitled to a sheriff's deed at the end of one year.

The order granting a temporary injunction is reversed and the action is ordered dismissed.

CHRISTIANSON, NUESSLE, BIRDZELL, and BURR, JJ., concur.